# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
(Filed:  April 29, 2014)

| | | |
|---|---|---|
| * * * * * * * * * * * * *  * | | UNPUBLISHED |
| JODY RADIS, | * | |
| | * | No. 14-68V |
| Petitioner, | * | |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | Ruling on Entitlement; Conceded; |
| | * | Influenza (Flu) Vaccine; Shoulder Injury |
| Respondent. | * | Related to Vaccine Administration |
| | * | (SIRVA). |
| * * * * * * * * * * * * *  * | | |

<u>Amy Fashano</u>, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for petitioner.
<u>Justine Daigneault</u>, United States Department of Justice, Washington, D.C., for respondent.

## RULING ON ENTITLEMENT[1]

On January 27, 2014, Jody Radis ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("the Program").[2]  Petitioner alleges that she suffers from rotator cuff tendinosis in her left shoulder as a result of her receipt of an influenza ("flu") vaccination on October 26, 2011.  See Petition at 1.

On February 14, 2014, respondent filed a report pursuant to Vaccine Rule 4(c) in which she concedes that petitioner is entitled to compensation in this case.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002 § 205, 44 U.S.C. § 3501 (2006).  In accordance with the Vaccine Rules, each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act").  Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

Respondent's Report at 5-6.  Specifically, respondent agrees that the alleged injury is consistent with shoulder injury related to vaccine administration ("SIRVA").  Id. at 4.  Respondent has concluded that the temporal association between the administration of the flu vaccine and the onset of petitioner's left rotator cuff tendinosis is medically appropriate, that there is no other identifiable cause for petitioner's onset of symptoms and injury, and that petitioner has satisfied the statutory and jurisdictional prerequisites for compensation under the Vaccine Act.  Id.

     A special master may determine whether a petitioner is entitled to compensation based upon the record.  A hearing is not required.  §300aa-13; Vaccine Rule 8(d).  In light of respondent's concession and a review of the record, the undersigned finds that petitioner is entitled to compensation.  This matter shall now proceed to the damages phase.

     **IT IS SO ORDERED.**

                                          s/Thomas L. Gowen
                                              Thomas L. Gowen
                                              Special Master