# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
Case No. 14-68V
**Filed: April 27, 2015**
**(Not to be published)**

* * * * * * * * * * * * * * * * * * * * * * *
JODY RADIS, *
*
Petitioner, *
v. *
*
SECRETARY OF HEALTH *
AND HUMAN SERVICES, *
*
Respondent. *
*
* * * * * * * * * * * * * * * * * * * * * * *

Decision on Damages; Influenza Vaccine; Rotator Cuff Tendinosis.

Ronald C. Homer, Conway, Homer & Chin-Caplan, P.C., Boston, MA for petitioner.
Justine E.Walters, United States Department of Justice, Washington, DC for respondent.

## DECISION ON DAMAGES[1]

**Gowen**, Special Master:

On January 27, 2014, Jody Radis ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq*.[2] [the "Vaccine Act" or "Program"] alleging that as a result of receiving an influenza ("flu") vaccine on October 26, 2011, she suffered from rotator cuff tendinosis in her left shoulder.

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I intend to post this ruling on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

Petition at Intro. On April 28, 2014, respondent filed a Rule 4(c) Report ["Respondent's Report"] in which she conceded that petitioner is entitled to compensation. Resp't Rep. at 1-2. The undersigned issued a Ruling on Entitlement on April 29, 2014, finding petitioner is entitled to compensation based on an injury caused-in-fact by a covered vaccine.

On April 24, 2015, respondent filed a Proffer on an award of compensation, indicating that petitioner has agreed to compensation in the amount of $162,339.85, to be paid to petitioner only, for life care expenses expected to be incurred during the first year after judgment, lost earnings, pain and suffering, and past unreimburseable expenses. Petitioner will also receive an amount sufficient to purchase an annuity contract described in section II(B) of the Proffer, attached hereto as Appendix A. Petitioner's counsel was contacted by the undersigned's chambers on April 27, 2015 and he confirmed petitioner's agreement with the proposed compensation amounts. Accordingly, pursuant to the terms in the attached Proffer, **the undersigned awards petitioner the following compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a):**

1. **A lump sum payment of $162,339.85 in the form of a check payable to petitioner, Jody Radis; and**

2. **An amount sufficient to purchase an annuity contract to provide the benefits described in section II, paragraph B of the Proffer, to be paid to a life insurance company meeting the criteria described in footnote 4.**

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| JODY RADIS, | ) | |
| Petitioner, | ) | No. 14-68V |
| v. | ) | Special Master Gowen<br>ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) | |
| Respondent. | ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

## I. Items of Compensation

### A. Life Care Items

Respondent engaged life care planner Linda Curtis, RN, MSN, CCM, CNCLP, and petitioner engaged Maureen Clancy, RN, BSN, CLCP, to provide an estimation of Jody Radis's future vaccine-injury related needs. For the purposes of this proffer, the term "vaccine related" is as described in respondent's Rule 4(c) Report filed on April 28, 2014, conceding entitlement in this case. All items of compensation identified in the agreed upon life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for Jody Radis, attached hereto as Tab A.[1] Respondent proffers that Jody Radis should be awarded all items of compensation set forth in the agreed upon life care plan and illustrated by the chart attached at Tab A. Petitioner agrees.

[1] The chart at Tab A illustrates the annual benefits provided by the agreed upon life care plan. The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

B. Lost Earnings

The parties agree that based upon the evidence of record, Jody Radis has suffered a past loss of earnings and will continue to suffer a loss of earnings in the future. Therefore, respondent proffers that Jody Radis should be awarded lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A). Respondent proffers that the appropriate award for Jody Radis's lost earnings is $53,903.81. Petitioner agrees.

C. Pain and Suffering

Respondent proffers that Jody Radis should be awarded $100,000.00 in actual and projected pain and suffering. This amount reflects that any award for projected pain and suffering has been reduced to net present value. See 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

D. Past Unreimbursable Expenses

Evidence supplied by petitioner documents Jody Radis's expenditure of past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $2,667.17. Petitioner agrees.

E. Medicaid Lien

Petitioner represents that there are no Medicaid liens outstanding against her.

## II. Form of the Award

The parties recommend that the compensation provided to Jody Radis should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Special Master's decision and the Court's judgment award the following:[2]

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

     A.    A lump sum payment of $162,339.85, representing compensation for life care expenses expected to be incurred during the first year after judgment ($5,768.87), lost earnings ($53,903.81), pain and suffering ($100,000.00), and past unreimbursable expenses ($2,667.17), in the form of a check payable to petitioner, Jody Radis.

     B.    An amount sufficient to purchase an annuity contract,[3] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[4] from which the annuity will be purchased.[5]  Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Jody Radis, only so long as Jody Radis is alive at the time a particular payment is due.  At the

---

[3] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[4] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a. A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

    b. Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

[5] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments. The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

1. <u>Growth Rate</u>

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items. Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items. Petitioner agrees.

2. <u>Life-contingent annuity</u>

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Jody Radis, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Jody Radis's death.

3. <u>Guardianship</u>

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

**III. <u>Summary of Recommended Payments Following Judgment</u>**

A. Lump Sum paid to petitioner, Jody Radis: **$ 162,339.85**

B. An amount sufficient to purchase the annuity contract described above in section II. B.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Senior Trial Attorney
Torts Branch, Civil Division

  s/ Justine Walters
JUSTINE WALTERS
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Telephone: (202) 307-6393

Dated:  April 24, 2015

# TAB A

**Appendix A: Items of Compensation for Jody Radis**

| ITEMS OF COMPENSATION | G.R | M | Lump Sum Compensation Year 1 | Compensation Year 2 | Compensation Years 3-5 | Compensation Year 6 | Compensation Year 7 | Compensation Year 8 | Compensation Year 9 | Compensation Year 10 |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | 2015 | 2016 | 2017-2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
| Primary Care | 5% | | 80.00 | 80.00 | 80.00 | 80.00 | 80.00 | 80.00 | 80.00 | 80.00 |
| Orthopedist | 5% | | 250.00 | | | 250.00 | | | | |
| Pain Specialist | 5% | | 325.00 | 250.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 |
| X-ray of Shoulder | 5% | | 106.00 | | | | | | | |
| Tylenol Extra Strength | 4% | | 116.65 | 116.65 | 116.65 | 116.65 | 116.65 | 116.65 | 116.65 | 116.65 |
| Tylenol PM | 4% | | 72.93 | 72.93 | 72.93 | 72.93 | 72.93 | 72.93 | 72.93 | 72.93 |
| PT | 4% | | 983.86 | | | 983.86 | | | | |
| OT Eval | 0% | | 235.14 | | | | | | | |
| Psychologist | 4% | | 360.00 | | | 360.00 | | | | |
| Shower Bench | 4% | M | 139.87 | | | | | 139.87 | | |
| Hand Held Shower | 4% | | 33.31 | | | | | 33.31 | | |
| Grab Bars | 0% | | 209.79 | | | | | | | |
| Rubber Bath Mat | 4% | | 14.99 | 14.99 | 14.99 | 14.99 | 14.99 | 14.99 | 14.99 | 14.99 |
| Adaptive Equip | 4% | | 200.00 | 100.00 | | | 100.00 | | | |
| Heating Pad | 4% | | 59.50 | | | 59.50 | | | | |
| Folding Step Stool | 4% | | 59.99 | | | | | | | |
| TENS | 4% | | 51.99 | 26.00 | 26.00 | 26.00 | 26.00 | 26.00 | 26.00 | 26.00 |
| TENS Batteries & Electrodes | 4% | | 19.28 | 19.28 | 19.28 | 19.28 | 19.28 | 19.28 | 19.28 | 19.28 |
| Home Care | 4% | M | 2,028.00 | 2,028.00 | 2,028.00 | 2,028.00 | 2,028.00 | 2,028.00 | 2,028.00 | 4,056.00 |
| Mileage: PCP | 4% | | 4.59 | 4.59 | 4.59 | 4.59 | 4.59 | 4.59 | 4.59 | 4.59 |
| Mileage: Orthopedist | 4% | | 21.30 | | | 21.30 | | | | |
| Mileage: Pain Specialist | 4% | | 68.64 | 45.76 | 22.88 | 22.88 | 22.88 | 22.88 | 22.88 | 22.88 |
| Mileage: PT | 4% | | 26.56 | | | 26.56 | | | | |
| Mileage: OT | 0% | | 4.43 | | | | | | | |
| Mileage: Counselor | 4% | | 3.50 | | | 3.50 | | | | |
| Mileage: Drivers Eval | 0% | | 20.60 | | | | | | | |
| Drivers Eval | 0% | | 250.00 | | | | | | | |
| Car Mods | 4% | | 22.95 | | | 22.95 | | | | |
| Lost Future Earnings | | | 53,903.81 | | | | | | | |
| Pain and Suffering | | | 100,000.00 | | | | | | | |
| Past Unreimbursable Expenses | | | 2,667.17 | | | | | | | |

**Appendix A: Items of Compensation for Jody Radis**

| ITEMS OF COMPENSATION | G.R | M | Lump Sum Compensation Year 1 | Compensation Year 2 | Compensation Years 3-5 | Compensation Year 6 | Compensation Year 7 | Compensation Year 8 | Compensation Year 9 | Compensation Year 10 |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | 2015 | 2016 | 2017-2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
| Annual Totals | | | 162,339.85 | 2,758.20 | 2,560.32 | 4,287.99 | 2,660.32 | 2,733.50 | 2,560.32 | 4,588.32 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($5,768.87), lost earnings ($53,903.81), pain and suffering ($100,000.00), and past unreimbursable expenses ($2,667.17): $162,339.85.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.

**Appendix A: Items of Compensation for Jody Radis**

| ITEMS OF COMPENSATION | G.R | M | Compensation Year 11 | Compensation Year 12 | Compensation Years 13-14 | Compensation Year 15 | Compensation Years 16-Life |
|---|---|---|---|---|---|---|---|
| | | | 2025 | 2026 | 2027-2028 | 2029 | 2030-Life |
| Primary Care | 5% | | 80.00 | 80.00 | 80.00 | 80.00 | 80.00 |
| Orthopedist | 5% | | 250.00 | 50.00 | 50.00 | 50.00 | 50.00 |
| Pain Specialist | 5% | | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 |
| X-ray of Shoulder | 5% | | 106.00 | 10.60 | 10.60 | 10.60 | 10.60 |
| Tylenol Extra Strength | 4% | | 116.65 | 116.65 | 116.65 | 116.65 | 116.65 |
| Tylenol PM | 4% | | 72.93 | 72.93 | 72.93 | 72.93 | 72.93 |
| PT | 4% | | 983.86 | 196.77 | 196.77 | 196.77 | 196.77 |
| OT Eval | 0% | | | | | | |
| Psychologist | 4% | | | | | | |
| Shower Bench | 4% | | | | | 139.87 | 19.98 |
| Hand Held Shower | 4% | | | | | 33.31 | 4.76 |
| Grab Bars | 0% | | | | | | |
| Rubber Bath Mat | 4% | | 14.99 | 14.99 | 14.99 | 14.99 | 14.99 |
| Adaptive Equip | 4% | | | 100.00 | | | |
| Heating Pad | 4% | | 59.50 | 11.90 | 11.90 | 11.90 | 11.90 |
| Folding Step Stool | 4% | | 59.99 | 6.00 | 6.00 | 6.00 | 6.00 |
| TENS | 4% | | 26.00 | 26.00 | 26.00 | 26.00 | 26.00 |
| TENS Batteries & Electrodes | 4% | | 19.28 | 19.28 | 19.28 | 19.28 | 19.28 |
| Home Care | 4% | M | 4,056.00 | 4,056.00 | 4,056.00 | 4,056.00 | 4,056.00 |
| Mileage: PCP | 4% | | 4.59 | 4.59 | 4.59 | 4.59 | 4.59 |
| Mileage: Orthopedist | 4% | | 21.30 | 4.26 | 4.26 | 4.26 | 4.26 |
| Mileage: Pain Specialist | 4% | | 22.88 | 22.88 | 22.88 | 22.88 | 22.88 |
| Mileage: PT | 4% | | 26.56 | 5.31 | 5.31 | 5.31 | 5.31 |
| Mileage: OT | 0% | | | | | | |
| Mileage: Counselor | 4% | | | | | | |
| Mileage: Drivers Eval | 0% | | | | | | |
| Drivers Eval | 0% | | | | | | |
| Car Mods | 4% | | 22.95 | 4.59 | 4.59 | 4.59 | 4.59 |
| Lost Future Earnings | | | | | | | |
| Pain and Suffering | | | | | | | |
| Past Unreimbursable Expenses | | | | | | | |

**Appendix A: Items of Compensation for Jody Radis**

| ITEMS OF COMPENSATION | G.R | M | Compensation Year 11 | Compensation Year 12 | Compensation Years 13-14 | Compensation Year 15 | Compensation Years 16-Life |
|---|---|---|---|---|---|---|---|
| | | | 2025 | 2026 | 2027-2028 | 2029 | 2030-Life |
| Annual Totals | | | 6,118.48 | 4,977.75 | 4,877.75 | 5,050.93 | 4,902.49 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($5,768.87), lost earnings ($53,903.81), pain and suffering ($100,000.00), and past unreimbursable expenses ($2,667.17): $162,339.85.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.