# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 14-68V
**Filed: October 20, 2015**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | UNPUBLISHED |
| JODY RADIS, | * | |
| | * | Special Master Gowen |
| Petitioner, | * | |
| | * | |
| v. | * | Attorneys' Fees and Costs |
| | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | | |

Ronald C. Homer, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for petitioner.
Justine E. Walters, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On January 27, 2014, Jody Radis ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioner alleged that as a result of receiving an influenza ("flu") vaccination on October 26, 2011, she developed rotator cuff tendinosis in her left shoulder. Petition at Intro. On April 28, 2014, respondent filed a Rule 4(c) report in which she conceded that petitioner is entitled to compensation. Resp. Rep. at 1-2. The undersigned issued a Ruling on Entitlement on April 29, 2014, finding petitioner entitled to compensation based on an injury caused-in-fact by a covered vaccine. On April 24, 2015, respondent filed a Proffer on an award of compensation. On April 27, 2015, a decision

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

adopting respondent's Proffer was issued, and Judgment entered on April 29, 2015.

Petitioner filed a motion for attorneys' fees and costs on September 18, 2015. On October 5, 2015, respondent filed a response to petitioner's motion for attorneys' fees and costs, stating that "while [she] disagrees with the analysis and findings in [*McCulloch*], respondent has determined that her resources are not wisely used by continuing to litigate the issues addressed in that decision." Response to Motion at 1-2. Accordingly, respondent indicated that she "defers to the special master's statutory discretion in determining a reasonable fee award for this case." Id. at 2.

Petitioner here requests a total award of fees and costs in the amount of $32,199.56. Motion for Attorney Fees & Costs at ¶ A. This amount includes attorneys' fees in the amount of $26,386.20, and attorneys' costs in the amount of $5,788.36. Id. Additionally, in accordance with General Order #9, petitioner represents that he incurred reimbursable costs in pursuit of this claim in the amount of $25.00. Id.; Petitioner and Counsel Statement at 1.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e). Based on the reasonableness of petitioner's request, which is consistent with the rates and reasoning established in *McCulloch*, the undersigned **GRANTS** the request for approval and payment of attorneys' fees and costs.

Accordingly, an award should be made as follows:

**(1) in the form of a check jointly payable to petitioner and to petitioner's attorneys at Conway, Homer & Chin-Caplan, in the amount of $32,174.56; and**

**(2) in the form of a check payable to petitioner only, Jody Radis, pursuant to General Order No. 9, in the amount of $25.00.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the cour**t SHALL ENTER JUDGMENT** in accordance herewith.[3]

**IT IS SO ORDERED.**

<u>s/ Thomas L. Gowen</u>
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.